Michael Napier, State Bar No. 002603
Juliana B. Tallone, State Bar No. 035633
**NAPIER, BAILLIE, WILSON,**
**BACON & TALLONE, P.C.**
2525 East Arizona Biltmore Circle
Suite 135
Phoenix, AZ 85016
Phone: (602) 248-9107
Fax: (602) 248-0971
Mike@napierlawfirm.com
Jtallone@napierlawfirm.com
*Attorneys for Plaintiff Richard Skinner*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Skinner, for and on behalf of himself and all other similarly situated individuals, | Case No.: |
| Plaintiffs, | **COMPLAINT** |
| v. | |
| Stryker Corporation, a Michigan corporation; John Does I-X; Jane Does I-X; Other Entities I-X; Black & White Corporations I-X; and ABC Partnerships I-X, | **(Class Action)** |
| Defendants. | |

For his Complaint, Plaintiff alleges as follows:

**PARTIES**

1. Plaintiff Richard Skinner is a resident of Maricopa County, Arizona.

2. Defendant Stryker Corporation is a Michigan corporation, upon information and belief, and is authorized to do and doing business in the State of Arizona.

1

3. Fictitiously named Defendants John Does I-X, Jane Does I-X, Other Entities I-X, Black & White Corporations I-X, and ABC Partnerships I-X , upon information and belief, are liable for the acts complained of herein, but whose acts and true identities are unknown to the Plaintiff. Plaintiff will request leave of the Court to amend his Complaint to insert the true names of the fictitiously name Defendants when said names are known to the Plaintiff, and to allege specifically the claims against said Defendants.

## JURISDICTION AND VENUE

4. This court has jurisdiction pursuant to 28 U.S.C. § 1332 as the parties are citizens of different states and the amount in controversy exceeds $75,000.

5. The events and or transactions hereinafter described occurred in the City of Phoenix, County of Maricopa, State of Arizona, and venue is appropriate pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

6. In approximately August of 2014, Plaintiff Richard Skinner was the surgical recipient of a Stryker/Star (Scandinavian Total Ankle Replacement) device.

7. Subsequently, Plaintiff experienced progressive symptoms of pain and instability in his affected ankle.

8. On October 11, 2019, Stryker issued a safety communication for the Scandinavian Total Ankle Replacement non-foil packed mobile bearing components, advising that parts were fracturing with loss of mechanical properties, as described herein,

were occurring substantially more often than with comparable total ankle replacements.

9.  The Federal Drug Administration issued a safety alert to the same effect.

## COUNT I

## Strict Product Liability A.R.S. § 12-681, et seq.

10. The allegations of the preceding paragraphs of this Complaint are incorporated herein by reference.

11. Plaintiff did not become aware of the Star failure until receiving a CAT scan on or about June of 2022, and was advised that the Star product degraded and was shedding plastic into his body.

12. Upon information and belief, Defendant Stryker Corporation designed, manufactured, tested, inspected, warranted and marketed the Stryker Star ankle replacement.

13. Upon information and belief, Defendant Stryker Corporation introduced the above-described equipment/device into the stream of commerce in Arizona.

14. Defendants John Does I-X. Jane Does I-X. Other Entities I-X. Black & White Corporations I-X and ABC Partnerships I-X may have participated in the design, manufacture, testing, inspection, warranty, marketing and or sale of the Stryker Corporation's Star total ankle replacement device.

15. At the time Plaintiff became a surgical recipient of the subject device, prior to August of 2014, the subject Star ankle replacement was defective, unreasonably dangerous and unfit for its intended use and purposes because of its design,

manufacture, testing, inspection, warranty, marketing, lack of warnings and packaging. The Star total ankle replacement implant, for these reasons, was subject to material degradation of the polyethylene component of the device, causing the plastic within the device (Star Scandinavian Total Ankle Replacement) to fracture.

16. Pursuant to the Arizona Revised Statutes § 12-681, et. seq., Defendant Stryker Corporation is strictly liable to Plaintiff for the failure of the defective product.

17. Plaintiff's injuries were a direct and proximate result of the defects of the subject implant and Defendants' individual and/or collective failures.

## COUNT II

### Negligence

18. The allegations of the preceding paragraphs of this Complaint are incorporated herein by reference.

19. The subject product (Star) has exhibited an unacceptable level of long-term fractures rate due to modular thinness and or material oxidative degradation, failures attributable to, but not limited to device design, materials, and pre-2014 packaging.

20. The Stryker Star device implant degraded to the point where it was shedding plastic into the Plaintiff's tissues and blood stream.

21. Plaintiff's movement on the fractured component caused failure of the metal components.

22. Defendant Stryker Corporation negligently designed, manufactured, tested, inspected, stored, marketed, warned about, distributed, repaired, maintained,

prepared and packaged the subject Star implant, thereby failing to adhere to prevailing standards of care.

23. Defendant Stryker Corporation's negligence contributed to Plaintiff's serious injuries and damages.

24. At the time Defendant Stryker Corporation placed the subject implant into the stream of commerce, the Star implant was defective, unreasonably dangerous, and unfit for its intended use and purpose because of its design, manufacture, testing, inspection, warranty, marketing, packaging and lack of warnings.

25. At all times relevant herein, the subject Star implant was used in a reasonably foreseeable manner, and it failed to perform as safely as an ordinary consumer would expect.

26. The Star implant did not properly function, which caused components to fracture for those reasons described above, failing to fulfill its intended use and purpose and thereby contributing to Plaintiff's injuries and damages.

## CLASS ACTION

27. The allegations of the preceding paragraphs of this Complaint are incorporated herein by reference.

28. This action is brought as a class action pursuant to Fed. R. Civ. P. Rule 23 on behalf of a class of all recipients of the Star implant in the United States prior to August of 2014.

29. There are numerous questions of law and fact common amongst class members and Plaintiff.

30. Putative class representative Richard Skinner suffered similar injuries as those suffered by the class he seeks to represent. Namely, the class members, as above-described, have suffered from the Star implant failure for the same or similar reasons as alleged herein. Plaintiff's interests are not contrary to those of the similarly situated putative class members, all as above-described.

31. Putative representative Richard Skinner will fairly and adequately protect the interests of class members.

32. Putative representative Richard Skinner and has engaged experienced counsel with expertise in this type of litigation.

33. The questions of law and fact common to the putative class predominate those affecting only individual class members and a class action is superior to other available methods of fair and efficient adjudication. Namely, individual class members pursuing separate actions creates the possibility that such individual would, as a practical matter, dispose of the interests of the other class members due to the common questions of law and fact.

**CLAIM FOR RELIEF**

34. The allegations of the preceding paragraphs of this Complaint are incorporated herein by reference.

35. The wrongful acts of the Defendant, as above described, caused permanent injuries and damages to Plaintiff and all other similarly situated class members, including, but not limited to the following:

a.  Past and future medical expenses, including the cost for a re-operation to replace the device;

b.  Pain and suffering;

c.  Disability and inability to bear weight;

d.  Instability in the implanted ankle;

e.  Loss of earnings and loss of earning potential;

f.  Mental anguish and loss of enjoyment of life;

g.  Future pain, suffering, and losses of the same or similar types and character; and

h.  Economic damages.

**PRAYER FOR RELIEF**

36. Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff prays for relief in his favor and against Defendants for:

a.  General and special damages;

b.  Compensatory and economic damages;

c.  Punitive damages;

d.  Attorneys' fees and costs;

e.  Such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 8th day of September, 2022.

/ / /

/ / /

/ / /

**NAPIER, BAILLIE, WILSON, BACON & TALLONE, P.C.**

/s/ *Michael Napier*
Michael Napier, Esq.
Juliana Tallone, Esq.
*Attorneys for Plaintiff Richard Skinner*

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing on this 8th day of September, 2022.

/s/ *Laura Leclerc*